JAMES CANN, Judge.
Claimant asserts this claim of subrogation in the amount of $2000.00, which amount was paid by it to Albert and Odesie Brown by reason of a fire loss suffered by them on the 21st day of April, 1948, and which loss was occasioned by a fire originating from a building occupied and used by respondent, located at Huttonsville, in Randolph county, West Virginia.
As to the facts relied upon in support of this claim reference is made to the case of J. A. Cox et al v. State Road Commission, 5 Ct. Claims (W. Va.) 123, and Albert Brown et ux v. State Road Commission, 5 Ct. Claims (W. Va.) 133, heard on the 25th and 26th day of April, 1950, in the city of Elkins, Randolph county, West Virginia, and to the awards made in both cases.
The awards made by this court in the Cox, et al and Brown cases swpra were included in and made a part of the budget bill (Sec. 4 of title 2 of chap. 8, acts of the Legislature of West Virginia, fiftieth regular session, 1951, at pages 66-67), which budget bill was passed by both houses of the Legislature on March 10, 1951, and became effective from passage. On July 11, 1951, the state road commissioner of West Virginia, acting for the state road commission of said state, and acting upon such legislative fiat, issued his requisition upon the auditor of the state of West Virginia for a warrant for the payment of said appropriation of the Legislature made in behalf of said Cox, et al, and Brown, in satisfaction of the approved awards for their claims. The auditor refused to honor said requisition insofar as the same covered and related to the approved awards for the claims of said Cox, et al, and Brown, on the grounds that the payment of said awards is in violation of the constitution of this state, and further, in effect, that no negligence on the part of the state was shown.
Following this action on the part of the- auditor, one of the claimants, J. A. Cox, et al, sought in the Supreme Court of the state a writ of mandamus against Edgar B. Sims, auditor to compel the issuance by him of a warrant on the state treasurer for payment of their claim, so recommended by the court of *43 claims, and appropriated for by the Legislature. The petition for said writ was filed on the 31st day of July, 1951, and on the 3rd day of August, 1951, a rule in mandamus was refused by a majority of the Supreme Court. On the 31st day of August, 1951, the petition for said writ of mandamus was refiled and on the 24th day of September, 1951, the rule in mandamus was again refused by the same majority of the Supreme Court. To date nothing further has been done, either in the Cox, et al, case or the Brown case, with reference to compelling the state auditor to issue his warrant for the payment of the Cox, et al, and Brown claims.
From the action of our Supreme Court in the Cox, et al, matter we can only conclude that they have in effect given af-firmance to the reasons or part of the reasons, set forth by the auditor in refusing to honor the Cox, et al and Brown claims, and therefore to make any further awards for claims arising out of the fire mentioned in this opinion, which occurred in Huttons-ville, would be a useless gesture.
Regarding ourselves bound by the refusal of the Supreme Court to award a rule to show cause in the Cox, et al, claim, an award in this case is now denied.